E. Vincent Wood (Bar No. 297132)
Law Offices of E. Vincent Wood
2950 Buskirk Ave., Suite 300
Walnut Creek, CA 94597
Tel. (925) 278-6680
Fax. (925) 955-1655
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

In re

    Bruce Blankenhorn

                    Debtor

Case No.: 24-10004-DM

Chapter 13

MOTION TO VALUE AND AVOID WHOLLY UNSECURED LIEN OF 3RD DEED OF TRUST IN FAVOR OF JEFF RICHARDSON

## **Motion to Value and Avoid Wholly Unsecured Lien Of 3rd Deed Of Trust In Favor of Jeff Richardson**

The Debtor moves this court for an order valuing and avoiding the wholly unsecured Lien Of 3rd Deed Of Trust in favor of Jeff Richardson on grounds that it is not a secured claim within the meaning of 11 U.S.C. Sec. 506.  Avoidance of this lien is appropriate as discussed in *In Re: Lam* 211 B.R. 36, 41 (B.A.P. 9th Cir. 1997).

**FACTS**

In Support of this motion, the Debtor states as follows:

1. The Debtor commenced this case on January 5, 2024.
2. Among the assets at the commencement of the case was the Debtor's rental property, commonly known as 455 Cross St, Napa, CA 94559, which the Debtor owns (the "Property").
3. A lien in an approximate amount of $100,000 was recorded on or about April 19, 2006, as document number 2006-0013546, in Napa County (the "Lien"). Debtor understands that Jeff Richardson is the current lien holder of the Lien.

## VALUATION

1. The market value of the Property at the commencement of the case, as alleged in the chapter 13 plan filed on January 5, 2024, was $675,000.
2. The value stated in the chapter 13 plan is supported by the declaration filed herewith, which states that the Property has an approximate value of $675,000. This declared value is based upon the appraisal of the Property prepared by a licensed real estate professional, a copy of which is attached to that declaration.

## SENIOR LIENS

1. First Deed of Trust

    Preferred Financial Group, Inc. originally recorded this senior lien on March 3, 2006, in Napa County as instrument#: 2006-0007360. Debtor understands that Preferred Financial Group, Inc. is now the current lien holder of that lien and the current servicer is Fay Servicing, LLC.

2. Second Deed of Trust

    Preferred Financial Group, Inc. originally recorded this senior lien on March 3, 2006, in Napa County as instrument#: 2006-0007361. Debtor understands that Preferred Financial Group, Inc. is now the current lien holder of that lien and the current servicer is Specialized Loan Servicing, LLC.

## SENIOR LIEN SUMMERY

1. The Property is subject to the liens senior (the "Senior Liens") to the Lien sought to be avoided. The Senior Liens exceed $761,337, which is more than the value of the Property.

2. 
| Senior Lienholder(s) | Balance | Instrument # |
|---|---|---|
| 1st - Preferred Financial Group, Inc. Current servicer: Fay Servicing, LLC | Greater than $408,930 | 2006-0007360 |
| 2nd - Preferred Financial Group, Inc. Current servicer: Specialized Loan Servicing, LLC. | Greater than $352,407 | 2006-0007361 |

3. The Debtor requests that the court take judicial notice of the Petition, Schedules, Statement of Financial Affairs, and other documents filed in this case, including without limitation, Schedule D which lists the obligations against the Property, and the Petition, which demonstrates that the Property was the Debtor's property at the time of filing.

## POINTS AND AUTHORITIES

11 U.S.C. 506(a)(1) provides that a creditor has an allowed secured claim to the extent of the creditor's interest in the estate property, and an unsecured claim to the extent that it's claim exceeds the value of the property in which it has an interest. 11 U.S.C. 506(d) provides that to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.

11 U.S.C. section 1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence… However where a creditor's claim, which is seemingly secured only by an interest in the debtor's property, is determined to be entirely unsecured

pursuant to 11 U.S.C. section 506, then that lien is void. *See In re Zimmer, 313 F.3rd 1220 (9th Cir. 2002).*

Bankruptcy Rule 3012 allows the Court to determine the secured value of a claim.

*Fed. R. Bankr. P. Rule 3012* implements *§ 506(a)* of the Code regarding valuation of a secured claim to determine the extent to which the property is secured or unsecured.

WHEREFORE, the Debtor prays that this Court provide the following relief:

1. Determine that the Property is valued at $675,000.
2. Determine that the Lien, has a value of zero and is unsecured within the meaning of 11 U.S.C. Sec. 506.
3. Upon entry of a discharge in the Debtor's chapter 13 case, the Lien which was recorded in Napa County as instrument#: 2006-0013546 shall be voided for all purposes; and
4. Upon application of the Debtor, the Court will enter a form of judgment voiding the Lien.

Date: January 24, 2024 /s/ E. Vincent Wood
E. Vincent Wood, Attorney for Debtor