JAMES A. SHEPHERD SBN 264400
**SHEPHERD & WOOD LLP**
2950 Buskirk Avenue, Suite 300
Walnut Creek, CA 94597
Tel (925) 954-7554
Fax (925) 281-2341
Email: jim@shepwoodlaw.com

Counsel for Debtor
BRUCE BLANKENHORN

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

In re

BRUCE BLANKENHORN,

Debtor.

Case. No. 24-10004 DM
Chapter 13

**DEBTOR'S OBJECTION TO CLAIM OF GULF HARBOUR INVESTMENTS CORPORATION (CLAIM NO. 3-1)**

Date: June 5, 2024
Time: 10:10 a.m.
Place: Telephonic/Videoconference
99 South E Street
Santa Rosa, CA 95404
Judge: Hon. Dennis Montali

NOW COMES Debtor Bruce Blankenhorn, and for his objection to the claim of Gulf Harbour Investments Corporation ("Claimant"), holder of Proof of Claim No. 3-1 in the above-captioned bankruptcy case ("Claim"), states as follows:

I. INTRODUCTION

Debtor made only a single draw of $40,000 on a home equity line of credit extended to debtor in 2006 by a predecessor to Claimant. Debtor made payments over the 2006-2008 period totaling approximately $24,000. Accruing 12% interest, the balance owing on the obligation as of the time that Debtor became unable to afford making payments in 2008 was no more than approximately $23,000. Said amount, with interest, increased to no more

1 than approximately $65,000 as of the petition date of this case. Tellingly, written support
2 for the Claim dates only to May 2008, indicating a principal balance of approximately
3 $146,000 as of that time. Thus of the $453,107.61 claimed by Claimant in the Claim, the
4 approximate amount of $388,107.61 should be disallowed as a claim for which Debtor is
5 not liable, under 11 U.S.C. § 502(b)(1).

## II. FACTUAL BACKGROUND AND RELIEF REQUESTED

1. This case was commenced on January 5, 2024 with the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code. Debtor's proposed First Amended plan [Dkt #46] remains pending.

2. Debtor has owned his home at 455 Cross Street in Napa, California since 2003. Among other liens on the home is Claimant's second-priority home equity lien. Debtor and Claimant have entered into the court's Mortgage Modification Program [*see* Dkt #15], which process is proceeding.

3. The Claim evidences Debtor's obligations on a home equity line of credit extended by a predecessor of Claimant, which obligations are secured by a deed of trust recorded on March 3, 2006. A true copy of the Claim is attached hereto as **EXHIBIT A**.

The following facts are included in Debtor's Declaration, attached hereto as **EXHIBIT B**:

4. On or about February 22, 2006, Debtor signed loan documents for a home equity line of credit (HELOC) with a maximum credit line of $146,250. At closing Debtor took out an initial advance draw of $40,000. He only took this one advance draw of $40,000 at closing and he never took any additional draws.

5. Over a period of approximately two years during 2006-2008, Debtor made payments that averaged over $1000 per month, or approximately $24,000 in total. His goal was to pay down the $40,000 HELOC obligation quickly and not make just the minimum payment. As a result of the market crash of 2008, Debtor was not able to continue making payments.

6. As a practice, Debtor only retains bank records for 5 years. All his banking

records have been purged from the period of 2006-2008. Debtor searched for relevant records from this period but was unable to locate any.

7. Debtor has reviewed a draw request provided by the loan servicer and signed by him on March 27, 2006, for $146,250. Debtor does not recall signing this draw request but, in any event, he is informed that the request was declined as there was not sufficient credit availability under the HELOC to take a draw in that referenced amount.

8. The Claim was submitted with a 'Loan Payment History From First Date of Default' attachment, seeming to indicate that May 20, 2008 was the first date of default. The principal balance as of that time is stated as $146,163.88. As of the petition date, the total amount claimed had increased to $453,107.61.

9. Debtor submits that, based on the foregoing facts, the balance of the Claim shouldbe no more than approximately $65,000 based on the an initial draw of $40,000 in 2006; payments totaling approximately $24,000 during the 2006-2008 period; and interest accruing at 12% on the unpaid balance since that time.

10. Debtor therefore seek an order under 11 U.S.C. §§ 502(b)(1) disallowing Claim No. 3-1 to the extent that it exceeds $65,000.

III. PRAYER FOR RELIEF

WHEREFORE, debtor requests entry of an order disallowing the above-specified Portion of the Claim, and granting such other and further relief as the court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SHEPHERD & WOOD LLP |
| Dated: May 1, 2024 | By: /s/ James A. Shepherd |
|  | Attorney for Debtor |